UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN F. NYACK,
       -Plaintiff


    -vs-                             CIVIL NO. 3:03-CV-839 (TPS)


SOUTHERN CONNECTICUT
STATE UNIVERSITY,
       -Defendant.

## RULING AND ORDER ON BILL OF COSTS

On September 22, 2006, after a four day trial, a jury returned a verdict in this case in favor of the defendant on the sole remaining count in the complaint. (Dkt. #64.)  On September 25, 2006 the court entered judgment in favor of the defendant. (Dkt. # 65.)  On October 23, 2006 plaintiff filed a motion for extension of time to file a notice of appeal (Dkt. # 67) not withstanding the fact that the time to file such a notice was not set to expire until October 25, 2006.  On December 15, 2006 the court denied plaintiff's motion.  The same day, the defendant filed a Bill of Costs pursuant to D. Conn. L. Civ. R. 54(a), seeking $710.25. (Dkt. # 69.)  The plaintiff objects to the Bill of Costs on the ground that it was untimely filed. (Dkt. # 72.)  For the reasons that follow, the plaintiff's objection (Dkt. #72) is SUSTAINED.

In pertinent part, Local Rule 54(a)(1) states

> Any party who seeks costs in the District Court shall, within ten (10) days after the District Court judgment becomes final due to the expiration of the appeal period,

>    as defined by Fed. R. App. P. Rule 4 . . . file with the
>    Clerk and serve on all other parties a verified bill of
>    costs . . . .

Unless tolled, the appeal period expires thirty days after judgment is entered. Fed. R. App. P. 4(a)(1).

>    If a party timely files in the district court any of the
>    following motions under the Federal Rules of Civil
>    Procedure, the time to file an appeal runs for all
>    parties from the entry of the order disposing of the last
>    such remaining motion:
>      (i) for judgment under Rule 50(b)
>      (ii) to amend or make additional factual findings under
>      Rule 52(b), whether or not granting the motion would
>      alter the judgment;
>      (iii) for attorney's fees under Rule 54 if the district
>      court extends the time to appeal under Rule 58;
>      (iv) to alter or amend the judgment under Rule 59; or
>      (vi) for relief under Rule 60 if the motion is filed no
>      later than 10 days after the judgment is entered.

Id. at 4(a)(4)(A). Thus, the appeal period is tolled pending the disposition of the enumerated motions, all of which have the potential effect of either altering or amending the original judgment.

In the present case, the appeal period expired on October 25, 2006 -- thirty days after entry of judgment. Defendant's bill of costs was therefore due by November 2, 2006.[1] Defendant untimely filed the Bill of Costs almost six weeks later.

Defendant asserts that the Bill of Costs was not untimely because plaintiff's motion for extension of time to file a notice

---

[1] Because the tenth day after the entry of judgment was a Saturday, the period to file the Bill of Costs was automatically extended to the following Monday. Fed. R. Civ. P. 6(a).

of appeal tolled the appeal period.

> [I]t is submitted that the motion for extension of time tolls the appeal period. . . . It is submitted that the judgment of the court, and affirmation of the jury's verdict, did not become final until December 15, 2006 when Magistrate Judge Thomas P. Smith denied the motion for extension of time (Doc. #70).

(Def's Resp. at 1-2.)  The court does not agree.  First, a motion for extension of time to file a notice of appeal is not one of the specifically identified motions listed in Appellate Rule 4(a)(4)(A) which will toll the appeal period.  This list is exhaustive not illustrative. "In order to toll the time limitation for appeal, a motion must satisfy two conditions. ***First, that motion must be one of the motions listed in Rule 4(a) of the Federal Rules of Appellate Procedure***. Second, it must be timely."  Richardson v. Jones, 572 F. 2d 89, 93 (3d Cir. 1978)(emphasis added).

The motions identified by Appellate Rule 4(a)(4)(A) have in common the fact that their disposition may effect the finality of the judgment.  Indeed, even if a motion cites no particular Rule of Civil Procedure, the court will treat it as a motion brought under one of the rules enumerated in Appellate Rule 4(a)(4)(A) so long as a ruling on its merits could alter or vacate the original judgment. Jones v. Unum Life Ins. Co., 223 F.3d 130, 136-37 (2d Cir. 2000). In the present case, it is clear that the motion for extension of time to file a notice of appeal would not effect the finality of the underlying judgment and, unless granted, would not cause the

tolling of the appeal period.

Furthermore, adopting defendant's argument would render superfluous the court's decision on the motion for extension of time to file a notice of appeal.  In effect, defendant contends that the mere filing of the motion for extension of time is tantamount to an order granting the motion.  This is clearly not the case.  Appellate Rule 4(a)(5) outlines both the procedure for filing the motion and the standard which the court will use in deciding on it's merits.  By filing the motion the plaintiff had a chance that it would be granted, not a guarantee.

Having found that the Bill of Costs was untimely filed, plaintiff's objection **(Dkt. #72)** is **SUSTAINED**.  The Bill of Costs **(Dkt. #69)** is **DENIED**.  The clerk is **ORDERED** to return the plaintiff's bond (Dkt. #8, Receipt # H9772) to his counsel of record.  This case is before the undersigned pursuant to 28 U.S.C. § 636(c) and D. Conn. Magis. R. 73(A)(1).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 17th day of January, 2007.**

>  **/s/ Thomas P. Smith**
>  **Thomas P. Smith**
>  **United States Magistrate Judge**